IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[5] RAMÓN DEL VALLE RODRÍGUEZ,<br><br>Defendant. | CRIMINAL NO. 11-051 (FAB) |

**EX-PARTE, SEALED ORDER**

Today, prior to the evidentiary hearing regarding [5] Ramón Del Valle Rodríguez's ("Del Valle Rodríguez" or "defendant") motion to suppress, defendant submitted a *pro se* "Informative Motion" (D.E. 316) "objecting to being compelled to accept further representation from attorney Víctor M. Miranda Corrada." An ex-parte hearing was conducted in which both defense counsel and defendant were heard as to this motion.

In essence, defendant claims that there are three reasons as to why he does not trust counsel Miranda Corrada. First, defendant claims that he has asked his attorney to present certain evidence at the suppression hearing, but his attorney refuses. The evidence is that co-defendant Garrick Pomales Soto has already pled guilty and accepted responsibility for the drugs in controversy. Defendant, however, was explained that a suppression hearing is not aimed at resolving the issue of guilt, but rather to determine whether certain evidence and statements are going to be admissible at trial. Therefore, the fact that a co-defendant has entered a guilty plea is irrelevant to the merits of the motion to suppress evidence.

The second argument raised by defendant is that he is concerned that counsel Miranda Corrada has been disheartened about the fact that defendant has previously filed a motion for substitution of counsel (D.E. 204) and the same has been denied by the court. (D.E. 206). Counsel Miranda Corrada, however, has informed the court that he is willing to defend Del Valle Rodríguez zealously if he wishes

to exercise his right to a jury trial.[1]  In fact, the motion to suppress was filed by counsel Miranda Corrada after the court denied the first motion for substitution of counsel (D.E. 272), hardly a sign of a half-spirited legal representation.  Moreover, counsel Miranda Corrada informed that he has attempted to negotiate a plea agreement not only with the prosecutor handling the case, AUSA Vernon Benet Miles, but also with his supervisor FAUSA María Domínguez.  If anything, this is indicative of a defense attorney that his vigorously exploring the best alternatives for his client.

Finally, defendant claimed that there was poor communication with his attorney and that at most he had been visited by his attorney five times.  Counsel Miranda Corrada, however, informed that he has met with the defendant approximately nine or ten times, reviewed the discovery produced by the government, and discussed it with his client.  Although counsel Miranda Corrada did express some concern as to defendant's attitude towards him that could potentially have some effect in the communication between him and his client, it does not appear that the communication between Del Valle Rodríguez and counsel Miranda Corrada has irreparably broken down.

Even though defendant has repeatedly stated that he does not trust his attorney, nothing brought to the court's attention suggests that defendant is not receiving an effective assistance of counsel.  Defendant, however, needs to understand he is not being "compelled to accept further representation from attorney Víctor M. Miranda Corrada".  Ultimately, he may wish to proceed *pro se*, but due to the complexities of the legal system, he might want to carefully ponder such decision in a case involving serious charges where having the effective assistance of counsel could prove to be invaluable.

WHEREFORE, defendant's request for appointment of new counsel (D.E. 316) is DENIED.

SO ORDERED.

---

[1]**Defendant also indicated that his attorney had pressured him to accept a plea offer made by the government.  Counsel Miranda Corrada, however, clarified that he basically informed the defendant as to the deadline set by the government and that defendant needed to make a decision prior to the deadline.**

In San Juan, Puerto Rico, this 13TH day of February, 2012.

                                                                              s/Marcos E. López
                                                                              U.S. MAGISTRATE JUDGE